# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALICE R. COYLE, M.D.,** : | **CIVIL ACTION NO. 3:02-CV-0602** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **GEISINGER HEALTH SYSTEM** : | |
| **and GEISINGER MEDICAL** : | |
| **GROUP,** : | |
| **Defendants** : | |

## ORDER

AND NOW, this 8th day of August, 2005, upon consideration of plaintiff's motion "to substitute Geisinger Clinic for Geisinger Medical Group" (Doc. 119), in which plaintiff requests leave to amend the complaint to drop Geisinger Medical Group as a defendant in the above-captioned case and to add Geisinger Clinic as a defendant, see FED. R. CIV. P. 15(a), 21, and it appearing from defendants' notice of concurrence (Doc. 128) and previous motion to substitute (Doc. 54) that Geisinger Clinic received notice of the above-captioned action within 120 days of its commencement (see Doc. 54 at 8; see also Doc. 121 at 3), see FED. R. CIV. P. 15(c)(3), that Geisinger Clinic knew that but for a mistake concerning the identity of the proper party the action would have been brought against Geisinger Clinic (see Doc. 54 at 4; see also Doc. 121 at 2-3), see FED. R. CIV. P. 15(c)(3), and that, because the interests of Geisinger Medical Group and Geisinger Clinic are aligned and because the attorneys currently representing Geisinger Medical Group will also represent Geisinger Clinic (see Doc. 54, 128; see also Doc. 121 at 3), the requested

amendment will not require additional discovery or result in a delay of proceedings in the above-captioned case, see Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001) (noting that leave to amend may be denied when amendment would be futile or would result in undue delay), it is hereby ORDERED that the motion Doc. 119) is GRANTED as follows:

1. The amended complaint (Doc. 9) is deemed AMENDED to substitute Geisinger Clinic for Geisinger Medical Group.  See FED. R. CIV. P. 15(a).

    a. Geisinger Clinic is ADDED as a defendant in the above-captioned case.  See id. 21.

    b. Geisinger Medical Group is DROPPED as a defendant in the above-captioned case.  See id.

2. The attorneys of record for Geisinger Medical Group are deemed to have entered an appearance on behalf of Geisinger Clinic as of the date of this order.  See L.R. 1.3, 83.14.

3. All previous case management orders remain in full force and effect.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge