**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALICE R. COYLE, M.D.,** | : | **CIVIL ACTION NO. 3:02-CV-0602** |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **GEISINGER HEALTH SYSTEM** | : | |
| **and GEISINGER CLINIC,** | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 8th day of August, 2005, upon consideration of defendants' motion (Docs. 124, 125) for summary judgment on plaintiff's claim of a hostile work environment on grounds that the claim is barred by the applicable statute of limitations, see 42 U.S.C. § 2000e-5(e), is not supported by adequate evidence of harassment or intolerable working conditions, see id. § 2000e-2, and cannot support the imposition of liability against defendants because the working conditions did not result from official actions and because defendants instituted a reasonable corrective policy, see Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998), and for summary judgment on plaintiff's claim against defendant Geisinger Health System on the ground that Geisinger Health System was not the "employer" of plaintiff, see 42 U.S.C. §§ 2000e, 2000e-2, and it appearing from a review of the record in the light most favorable to plaintiff[1] that an incident arguably supporting plaintiff's claim of a hostile work environment occurred in early August 2000 (see,

---

[1] See, e.g., Robinson v. Pa. State Corr. Officers Ass'n, 363 F. Supp. 2d 751, 754-55 (M.D. Pa. 2005) (stating standard of review).

e.g., Doc. 133, Ex. 2 ¶ 86), within 300 days of the filing of her complaint with the Equal Employment Opportunity Commission ("EEOC"),[2] see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-18 (2002) ("In order for the charge to be timely, the employee need only file a charge within 180 or 300 days of any act that is part of the hostile work environment."), that a series of official and unofficial actions over the course of plaintiff's employment arguably constitute severe and pervasive harassment and an intolerable working environment (see, e.g., Doc. 133, Ex. 2 ¶¶ 47-102, 120-151), adequate to cause a reasonable person in plaintiff's position to resign, see Pa. State Police v. Suders, 124 S. Ct. 2342, 2354-57 (2004) (outlining hostile work environment claim based on "an atmosphere of sexual harassment or hostility" and a "constructive discharge" attributable to official actions), and that plaintiff's complaints to supervisors may demonstrate reasonable attempts to utilize

---

[2] Defendants argue that several claims for "discrete discriminatory acts," relating to alleged disparate assignment of patients and lack of staff support, are barred by the applicable statute of limitations. The court agrees that, if asserted as independent claims, these would be precluded because they were not raised in an EEOC complaint within 300 days of their occurrence. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116-18 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act[; therefore, the charge] must be filed within the 180- or 300-day time period after the . . . act occurred."). However, plaintiff clarifies in her brief that these events, like others cited in the complaint, simply form part of the basis of her overall, single claim of a hostile work environment (see Doc. 133 at 14, 39). See Morgan, 536 U.S. at 116-18 ("Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."). The court accepts plaintiff's description of the complaint, as presenting a single claim of a hostile work environment encompassing both "an atmosphere of sexual harassment or hostility" and a "constructive discharge" attributable to official actions, see Pa. State Police v. Suders, 124 S. Ct. 2342, 2354-57 (2004) (outlining two subsets of hostile work environment claim), as the definitive construction of the pleading for purposes of trial.

corrective policies instituted by defendants (see, e.g., Doc. 133 ¶¶ 102-120), defeating the affirmative defense of reasonable care, see Ellerth, 524 U.S. at 765 (stating that employer may avoid liability for hostile work environment by proving that employee failed to take advantage of reasonably available corrective procedures); accord Faragher v. Boca Raton, 524 U.S. 775, 807 (same); see also Suders, 124 S. Ct. at 2352-57 (stating that defense is unavailable when official actions caused constructive discharge), and it further appearing that defendants fail to demonstrate an absence of material fact concerning the interrelationship between Geisinger Clinic and Geisinger Health System, which arguably may considered the joint, single "employer" of plaintiff,[3] see Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 85-89 (3d Cir. 2003) (articulating "single employer" test); 1 SUSAN M. OMILIAN & JEAN P. KAMP, SEX-BASED EMPLOYMENT DISCRIMINATION § 11:7 (2005) (describing test); see also 42 U.S.C. § 2000e(b) (defining "employer"); Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 206-09 (1997) (discussing definitions), it is hereby ORDERED that the motion for summary judgment (Docs. 124, 125) is DENIED. See FED. R. CIV. P. 56(c).

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge

---

[3] It may be noted that defendants do not offer *any* legal support for their position—presented in a single, three-sentence paragraph in the brief in support of the motion for summary judgment (Doc. 126 at 41-42)—that Geisinger Health System is not plaintiff's employer and do not address, in their reply brief or elsewhere, plaintiff's argument that Geisinger Clinic and Geisinger Health System may be considered a single "employer" for purposes of liability.