**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALICE R. COYLE, M.D.,** : | **CIVIL ACTION NO. 3:02-CV-0602** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **GEISINGER HEALTH SYSTEM** : | |
| **and GEISINGER CLINIC,** : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

Presently before the court is a motion in which plaintiff, Alice R. Coyle, M.D. ("Dr. Coyle"), requests leave to amend her complaint, alleging gender discrimination in violation of federal law, see 42 U.S.C. § 2000e-2, to add several related claims arising under state law. The latter claims were formerly raised, and are still pending, in a case commenced in a Pennsylvania court of common pleas in September 2002. Leave to amend will be denied.

This case was commenced in April 2002. The complaint presents a single claim under federal law: gender discrimination. It alleges that Dr. Coyle, during her employment at Geisinger Clinic, received a lower starting salary and enjoyed less favorable working conditions than male counterparts and was subjected to unwanted sexual advances from supervisors, eventually forcing her to resign.[1] Discovery on this claim has proceeded and concluded, and dispositive motions

---

[1] The same claim and supporting allegations are substantially repeated in an amended complaint filed in May 2002. (Doc. 9).

have been filed and resolved.  The case is scheduled for trial on September 6, 2005. (See, e.g., Docs. 1, 4, 9, 12, 32, 107, 124, 125).

The state case was commenced nearly three years ago, in September 2002. The complaint in that case presents several claims under Pennsylvania law: breach of oral contract, fraud in the inducement, and negligent misrepresentation. It alleges that Dr. Coyle, during her employment at Geisinger Clinic, received a lower starting salary and less favorable working conditions than other employees and was subjected to discrimination and harassment, eventually forcing her to resign.  No substantial discovery has occurred in the state case, and it does not appear that the matter is presently listed for trial.  (See Doc. 123, Ex. C; Doc. 129 at 5).

There is no reason why the state claims could not have been presented in the original complaint in this case or, at least, raised in an earlier motion for leave to amend.  The state and federal claims arise from the same transactions and occurrences and they clearly invoke this court's jurisdictional authority.[2]  The facts supporting these claims were known to Dr. Coyle in April 2002, when she filed the complaint *sub judice*.  (See, e.g., Doc. 123 at 12-18).  Yet, she did not raise the state claims in this case until May 2005, more than two years after its commencement and less than a week before the final deadline for dispositive motions.  (See Docs. 107, 117, 118).  No adequate explanation for this delay appears from the record or is

---

[2] See 28 U.S.C. §§ 1332(a), 1367(a); 42 U.S.C. § 2000e-5(f)(3).

offered by Dr. Coyle.  It may appropriately be characterized as "undue."  See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001); see also USX Corp. v. Barnhart, 395 F.3d 161, 167-68 (3d Cir. 2004)..

Leave to amend is not only undeserved in light of this delay, but would place an unwarranted and unfair burden on the court and defendants.  This case has been pending for over three years.  It has precipitated numerous motions by the parties and numerous conferences before the court, all directed towards defining the nature and scope of Dr. Coyle's single, federal claim of gender discrimination.  The state claims, in contrast, have not been the subject of discovery or judicial review.  They present distinct legal issues and implicate different expert testimony.  Introduction of these claims—which Dr. Coyle has not pursued for the two years that they have been pending in the state court—would require a renewed period for discovery and for expert reports, a new deadline for the submission of dispositive motions and briefs, and yet another continuance of the trial schedule.

The court will not countenance this result.  Defendants are entitled to a reasonably expeditious resolution of this litigation, which has already been beset by multiple enlargements and continuances.  See Cureton, 252 F.3d at 273.  Interjection of the new claims would force defendants to incur significant costs in securing expert review and redeveloping their case-in-chief and would oblige the court to expend additional resources in assessing the claims and resolving an anticipated motion for summary judgment.  These tasks could have been performed during the normal course of this litigation, with a minimum of

duplicative efforts, if Dr. Coyle had simply moved for leave to amend in a timely fashion. But she did not.

The proposed amendment simply comes too late, and without adequate explanation. See USX, 395 F.3d at 167-68. The motion will be denied on grounds of undue delay and unfair prejudice. Accord id. This case will proceed to jury selection on September 6, 2005, and then to trial on the claim of gender discrimination.

An appropriate order will issue.

       S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:      August 8, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALICE R. COYLE, M.D.,** | : | **CIVIL ACTION NO. 3:02-CV-0602** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **GEISINGER HEALTH SYSTEM and GEISINGER CLINIC,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 8th day of August, 2004, of plaintiff's motion for leave to amend (Doc. 122), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 122) is DENIED.

2. All previous case management orders remain in full force and effect.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge