**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALICE R. COYLE, M.D.,** | : | **CIVIL ACTION NO. 3:02-CV-0602** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **GEISINGER HEALTH SYSTEM** | : | |
| **and GEISINGER CLINIC,** | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW, this 8th day of August, 2005, upon consideration of defendants' motion to strike (Doc. 137) affidavits submitted by plaintiff in opposition to summary judgment on grounds that the affidavits are unsworn and do not include copies of documents referenced therein, see FED. R. CIV. P. 56(e); see also 28 U.S.C. § 1746, and that statements in the affidavits are conclusory and self-serving, see FED. R. CIV. P. 56(e), are irrelevant and constitute hearsay, see FED. R. EVID. 402, 802; see also Houser v. Fox Theaters, 845 F.2d 1225, 1230 (3d Cir. 1988), and contradict prior deposition testimony by plaintiff, see Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991), and it appearing that the affidavits were given under oath before a notary (e.g., Doc. 138, Ex. A at 45) and copies of documents referenced therein are included in the summary judgment record (see Doc. 146 at 40-41),[1] see FED. R. CIV. P.

---

[1] It should be noted that defendants have not shown any prejudice resulting from the alleged errors in the original affidavits. See Benjamin v. Peter's Farm Condo. Owners Ass'n, 820 F.2d 640, 642 n.5 (3d Cir. 1987) (noting that motion to strike should be granted when moving party would be prejudiced absent relief).

56(e) (describing form of affidavit), that the statements in the affidavits are based substantially on personal knowledge, see FED. R. CIV. P. 56(e) ("[A]ffidavits shall be made on personal knowledge . . . ."); see also Boyds Collection, Ltd. v. Bearington Collection, Inc., 360 F. Supp. 2d 655, 658 n.5 (M.D. Pa. 2005) ("Nothing in the Federal Rules of Civil Procedure excludes 'self-serving' evidence; indeed, the adversarial system of adjudication is premised upon the recognition that no party will be disinterested in the result."), that the statements in the affidavits are not clearly inadmissible at trial,[2] see, e.g., Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993) (stating that burden is on party opposing consideration of evidence on summary judgment to demonstrate inadmissibility), and that the contradictions between the statements and prior deposition testimony are explained by plaintiff on the basis on the nature of questions asked during the deposition (Doc. 146 at 32-39), see, e.g., Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355 (3d Cir. 1996) (stating that judicial estoppel applies when inconsistent position may be characterized as an attempt "to play fast and loose with the court"), it is hereby ORDERED that the motion to strike (Doc. 137) is DENIED.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] To the contrary, many of the recounted statements of plaintiff's supervisors, employed by defendants, are likely admissible as admissions of a party-opponent. See FED. R. EVID. 801(d)(2)(D).