# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALICE R. COYLE, M.D.,** | : | **CIVIL ACTION NO. 3:02-CV-0602** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **GEISINGER HEALTH SYSTEM and GEISINGER CLINIC,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of August, 2005, upon consideration of plaintiff's "motion for disclosure of defendants' net worth" (Doc. 184), in which plaintiff requests that the court direct defendants to produce tax returns from 1999 to the present and allow plaintiff's expert to prepare a supplemental report based on this information, and it appearing that the period for discovery closed in February 2005 and that the deadline for submitting supplemental expert reports expired in May 2005 (Doc. 107), and it further appearing that plaintiff does not offer good cause for an enlargement of time *nunc pro tunc* in which to complete discovery or submit

supplemental expert reports,[1] see FED. R. CIV. P. 6(b), 16(b), it is hereby ORDERED that the motion (Doc. 184) is DENIED.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[1] Plaintiff suggests that the court's recent decision, denying defendants' motion for partial summary judgment (Doc. 152), justified the late filing of the motion for disclosure. This contention is fatuous. The summary judgment decision did not alter the dynamic of this case or alter the claims pleaded in the complaint. (See Doc. 152). It was plaintiff's obligation to seek information of defendants' net worth, if relevant to her claims, during the normal course of discovery. (Cf. Doc. 153 (denying plaintiff's motion to amend on grounds of undue delay).