**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALICE R. COYLE, M.D.,** | : | **CIVIL ACTION NO. 3:02-CV-0602** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **GEISINGER HEALTH SYSTEM and GEISINGER CLINIC,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 31st day of August, 2005, upon consideration of the pleadings in the above-captioned case, and following a pre-trial conference during which counsel for the parties stipulated to the scope of the claims to be tried, see FED. R. CIV. P. 16, it is hereby ORDERED that:

1. The claims to be tried in the above-captioned case are as follows:

   a. Plaintiff's claim against defendants of gender discrimination based upon allegedly disparate wages and compensation, disparate staff assignments, and disparate coverage assignments, in violation of 42 U.S.C. § 2000e-2.

   b. Plaintiff's claim against defendants of retaliation based upon allegedly adverse actions taken against plaintiff in response to plaintiff's complaints of gender discrimination, in violation of 42 U.S.C. § 2000e-2.

   c. Plaintiff's claim against defendants of constructive discharge based upon allegedly disparate wages and compensation, disparate staff assignments, and disparate coverage assignments, in violation of 42 U.S.C. § 2000e-2.

2. None of the claims to be tried in the above-captioned case are based upon, wholly or partly, alleged incidents of sexual harassment in violation of 42 U.S.C. § 2000e-2.

3. Any party objecting to the definition of the scope of the claims provided in this order shall file a motion for reconsideration on or before September 14, 2005.  <u>See</u> L.R. 7.10.  Failure to file a timely motion for reconsideration shall be deemed a binding admission that this order properly defines the scope of the claims to be tried in the above-captioned case.

<u>  S/ Christopher C. Conner  </u>
CHRISTOPHER C. CONNER
United States District Judge